# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICHARD GOEPFORT,**
        **Plaintiff,**

     v.                                                         Case No. 05C1132

**TRUSTMARK INSURANCE COMPANY,**
**HYUNDAI CONSTRUCTION**
**EQUIPMENT INC. EMPLOYEE HEALTH PLAN,**
**and DISABILITY RMS,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Richard Goepfort served as marketing manager for Hyundai Construction Equipment USA Inc. ("Hyundai") until April 2001, when Hyundai discharged him. Plaintiff alleges that for a number of months prior to his discharge, he experienced various cognitive problems. He further alleges that after his discharge, he was diagnosed with early onset Alzheimer's disease. In June 2004, he submitted a claim for disability benefits to defendant Trustmark Insurance Company ("Trustmark"), which provided long-term disability insurance coverage to certain Hyundai employees. In October 2004, Trustmark denied plaintiff's claim based on the recommendation of defendant Disability Reinsurance Management Services, Inc. ("RMS"), which administered claims under the policy. Trustmark allegedly denied the claim on the ground that the policy did not cover plaintiff because he was not a Hyundai employee when he became disabled. Plaintiff then filed a four-count complaint under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 et seq., alleging various claims against the previously named defendants

and defendant Hyundai Construction Equipment, Inc. Employee Health Plan ("Plan"). Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on a variety of grounds. I address their motions in this decision.

In considering a Rule 12(b)(6) motion, I ask whether plaintiff could prove any set of facts entitling him to relief. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). I assume that plaintiff's allegations are true, and I draw all inferences in the light most favorable to him. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). In addressing defendants' motions, I may consider documents attached to the complaint. See Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004).

## I. TRUSTMARK AND RMS'S MOTION TO DISMISS

### A. Count I Claim

In Count I of his complaint, plaintiff alleges that pursuant to 29 U.S.C. § 1132(a)(1)(B), he is entitled to benefits and that defendants wrongfully denied him such benefits. Defendants Trustmark and RMS argue that they are not proper defendants in connection with this claim. In the Seventh Circuit, the general rule with respect to a § 1132 claim for benefits is that the only appropriate defendant is the Plan. Blickenstaff v. R.R. Donnelley & Sons Co., 378 F.3d 669, 674 (7th Cir. 2004); see also Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996). As I discussed in Black v. Long Term Disability Ins., 373 F. Supp. 2d 897, 900 (E.D. Wis. 2005), and Judge Griesbach indicated in Rivera v. Network Health Plan of Wis., Inc., 320 F. Supp. 2d 795, 798-99 (E.D. Wis. 2004), the rule seems insufficiently theorized and also has potential drawbacks. Nevertheless, it is the rule. Although there are several narrow exceptions to the rule, I

2

cannot reasonably infer from plaintiff's allegations that he comes within any of them. Therefore, I will dismiss Trustmark and RMS as defendants in Count I.

**B.     Count II Claim**

In Count II, plaintiff brings a claim under 29 U.S.C. § 1132(a)(2) seeking relief on behalf of himself and the Plan for breach of a fiduciary duty owed pursuant to 29 U.S.C. § 1109. Defendants assert and plaintiff does not dispute that although a beneficiary of a plan may bring an action against a fiduciary who has violated § 1109, any recovery inures to the benefit of the plan. Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985). Thus, any recovery on Count II must go to the Plan.

Defendants also argue that plaintiff fails to allege claim for breach of fiduciary duty to the Plan. Plaintiff alleges that defendants breached their fiduciary duty to the Plan by, among other things, failing to evaluate him, failing to establish and follow proper procedures, failing to properly decide claims and failing to provide requested information. He also alleges that these failures harmed the Plan. To survive a motion to dismiss under federal pleading standards, plaintiff must only provide defendant with fair notice of the claim. Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005). "Federal complaints plead claims rather than facts. . . . It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits such as the date that will let the defendants investigate. A full narrative is unnecessary." Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7th Cir. 2006). Plaintiff's allegations are sufficient to put defendants on notice of the nature of his claim. Therefore, his Count II claim will survive defendants' motion to dismiss.

3

### C. Count III Claim

In his Count III claim, plaintiff seeks equitable relief pursuant to 29 U.S.C. § 1132(a)(3) as the result of defendants' alleged breach of fiduciary duty as described above. Defendants argue that plaintiff's Count III claim should be dismissed because § 1132(a)(3) is a catch-all provision that is unavailable where plaintiff has an adequate remedy under another section of ERISA. See Varity Corp. v. Howe, 516 U.S. 489, 507-15 (1996). Defendants argue that plaintiff has a claim for benefits under ERISA, and therefore, his § 1132(a)(3) claim should be dismissed. However, in Black, I expressed the view that even assuming that an ERISA plaintiff may not prevail both on a claim for benefits and on a claim for breach of fiduciary duty, a district court generally should not dismiss a § 1132(a)(3) claim as duplicative of a claim for benefits at the motion to dismiss stage of a case. 373 F. Supp. 2d at 90-02. This is so because: (1) it may be difficult to determine at the pleading stage of a case whether relief is available under § 1132(a)(1)(B); (2) some allegations might support a claim under § 1132(a)(1)(B) and others a claim under § 1132(a)(3); (3) Varity Corp. did not deal with pleading but with relief; and (4) federal pleading rules allow a plaintiff to plead claims hypothetically or alternatively. I cannot say with certainty at this stage of the case that plaintiff can prove no set of facts that would enable him to obtain relief under § 1132(a)(3). Thus, I will permit plaintiff's Count III claim to go forward.

### D. Count IV Claim

In his Count IV claim, plaintiff alleges that defendant Trustmark (plaintiff does not include defendant RMS in this claim) failed to provide him with certain information that he

4

requested and is therefore liable for penalties as provided in 29 U.S.C. § 1132(c)(1)(B). In a December 22, 2004 letter, a copy of which plaintiff attaches to his complaint, plaintiff asked Trustmark to provide him with information required by several regulations implementing ERISA and information required by 29 U.S.C. § 1024(b)(4). In <u>Wilczynski v. Lumberman's Mut. Cas. Co.</u>, 93 F.3d 397, 406 (7th Cir. 1996), the Seventh Circuit held that because § 1132(c) authorizes penalties only for a failure to comply with a request for information required to be furnished by "this subchapter," a court may not impose § 1132(c) sanctions for the violation of a regulation. Thus, plaintiff cannot obtain § 1132(c) penalties for Trustmark's failure to provide information required by regulations, and I will dismiss his complaint to the extent that he seeks such penalties. However, plaintiff may be able to obtain § 1132(c) penalties against Trustmark if it failed to provide information required by § 1024(b)(4) because such section is part of the "subchapter" in question. Thus, plaintiff may proceed on this claim.

## II. PLAN'S MOTION TO DISMISS

The Plan asks me to dismiss plaintiff's complaint against it on the ground that when plaintiff left Hyundai's employment, he signed a "Separation Agreement and Release" ("Release"), in which he gave up his right to bring ERISA claims against the Plan. The Plan attaches a copy of the release to its brief urging dismissal. However, as the Plan indicates, I may not consider matters outside the pleadings on a Rule 12(b)(6) motion without converting the motion to one for summary judgment. In its response brief, plaintiff asks me not to convert the motion to one for summary judgment without giving him the opportunity to file additional material. Under these circumstances, I will decline to consider

5

Case 2:05-cv-01132-LA   Filed 09/11/06   Page 5 of 6   Document 27

the release at this stage of the proceeding. Inasmuch as the Plan's motion is based on the release, I will deny the motion at this time.

### III. CONCLUSION

For the reasons stated.

**IT IS ORDERED** that defendants Trustmark and RMS's motions to dismiss are **GRANTED IN PART AND DENIED IN PART** as stated above.

**IT IS FURTHER ORDERED** that the defendant Plan's motion to dismiss is **DENIED** as stated above.

Dated at Milwaukee, Wisconsin this 11 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge