# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICHARD GOEPFERT,**
        Plaintiff,

    v.                            Case No. 05C1132

**TRUSTMARK INSURANCE COMPANY,
HYUNDAI CONSTRUCTION
EQUIPMENT INC. EMPLOYEE HEALTH PLAN,
and DISABILITY RMS,**
        Defendants.

---

## DECISION AND ORDER

Plaintiff brought this action under the Employee Retirement Income Security Act ("ERISA"), asserting a variety of claims against a number of defendants. I previously dismissed some of his claims, and he has since withdrawn others. Plaintiff's remaining claims include: (1) a claim under 29 U.S.C. § 1132(a)(1)(B)[1] that he is entitled to long-term disability benefits under the disability plan ("Plan") of his former employer, Hyundai Construction Equipment, Inc. ("Hyundai"); and (2) a claim under § 1132(c)(1)(B) that the disability insurer, Trustmark Insurance Company ("Trustmark"), is liable for penalties because it failed to provide him with a copy of the summary plan description. Defendants now move for summary judgment.

---

[1] Plaintiff asserts this claim to recover benefits against both Trustmark Insurance Company and his former employer's disability plan. However, as noted in my September 11, 2006 order and stated by the Seventh Circuit, "ERISA permits suits to recover benefits only against the Plan as an entity." Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996). Therefore, Trustmark is not a proper defendant for this claim.

## I. FACTS

Plaintiff served as Hyundai's marketing manager, and under Hyundai's policy, he received long-term disability coverage through Trustmark. On April 30, 2001, Hyundai laid plaintiff off. Prior thereto, plaintiff had experienced difficulty remembering simple tasks and suffered from an inability to focus. After being laid off, his condition worsened. In August 2001, plaintiff's primary physician, Dr. Bottum, examined him and mistakenly diagnosed his condition as depression. Plaintiff's symptoms continued to worsen, and he returned to the doctor in September 2002. Subsequently, plaintiff saw a neurologist, Dr. Ravichandran, and underwent neuropsychological testing. In January 2003, plaintiff consulted Dr. Harsch, who diagnosed his condition as the early onset of Alzheimer's disease. In June 2004, plaintiff submitted a request for long-term disability benefits, and Trustmark denied the claim on behalf of the Plan. I will state additional facts in the course of the decision.

## II. DISCUSSION

I may grant summary judgment only if the evidence presented shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a summary judgment motion, I consider the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

2

I first address plaintiff's benefits claim.[2] Hyundai's disability policy provides that "[w]hen the Company receives proof that an Insured is disabled due to sickness . . . and requires the regular attendance of a physician, the Company will pay the insured a monthly benefit after the end of the elimination period." (Defs.' Proposed Findings of Fact, Docket #86, Ex. 2 at 9.) The elimination period is "a period of consecutive days of disability for which no benefit is payable." (Id. at 3.) The elimination period "begins on the first day of disability," (id.), and lasts "180 days." (Id. Ex. 2, Application, box 12.) Under the policy, an employee ceases to be insured when his employment terminates except that "the insurance will be continued for a disabled employee during . . . the elimination period." (Id. Ex. 2 at 19.)

The Plan argues that even if I assume that plaintiff was disabled prior to the date he was laid off, April 30, 2001 (as I must for summary judgment purposes), he is not entitled to benefits because he cannot satisfy the second criterion for benefits, that prior to the termination of coverage, he required the regular attendance of a physician. This is so, the Plan contends, because "he was not examined by any doctor until months after his insurance coverage termination." (Defs.' Br. in Supp., Docket # 85, at 5.) However, this

---

[2] Plaintiff, in his response to defendants' motion for summary judgment, raises the issue of the appropriate standard of review for his denial of benefits claim, asserting that de novo review applies because defendant failed to comply with the applicable claims handling regulations. Defendant does not contest this issue. Moreover, the Court in Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Here, defendant has not pointed out, nor have I discovered through examination of the policy, anything that indicates that the policy provisions give the administrator discretion in such matters. Thus, I will utilize the de novo standard in my interpretations of policy provisions and analysis of the evidence.

argument overlooks that the 180 elimination period extended plaintiff's coverage until October 30, 2001 and that plaintiff was examined by Dr. Bottum for symptoms which were subsequently diagnosed as Alzheimer's disease in August 2001. Thus, on the present record, I cannot definitively conclude that plaintiff cannot establish that he did not require the regular attendance of a physician while he was covered by the policy.

The Plan also argues that even assuming that plaintiff can satisfy the benefits criteria, he is not entitled to benefits because he failed to submit timely proof of claim. The policy provides that an insured must provide the company with proof of claim "no later than 90 days after the end of the elimination period," but adds that "if it is not possible to give proof within these time limits, it must be given as soon as reasonably possible." (Defs.' Proposed Findings of Fact, Docket #86, Ex. 2 at 22.) The Plan argues that the next sentence, which states that "proof . . . may not be given later than one year after the time proof is otherwise required," (id. at 23), means that plaintiff had to provide proof within one year following the ninetieth day after the elimination period and that plaintiff did not do so. I construe the ambiguity in an insurance policy in favor of the insured. Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc., 40 F.3d 146, 151 (7th Cir. 1994). Although this section of the policy is poorly drafted, I read the phrase, "otherwise required," to refer to all of the language preceding it, including the language requiring that proof be provided as soon as reasonably possible. Under this reading, plaintiff's proof was not untimely because he had until one year after it was reasonably possible to give proof. My interpretation is strengthened by the fact that the policy contemplates that an insured will provide the company with notice of a claim before submitting "written proof of claim," (Defs.' Proposed Findings of Fact, Docket #86, Ex. 2 at 23), and that the insured must provide notice "within

4

30 days of the date disability starts . . . [or] if that is not possible . . . as soon as it is reasonably possible to do so." (Id. at 22.) Thus, the policy makes clear that the requirements of both notice and proof are subject to a rule of reasonableness. Therefore, I reject the Plan's argument that plaintiff's proof was untimely.

I turn next to plaintiff's claim that Trustmark failed to provide him with a copy of the summary plan description. 29 U.S.C. § 1024(b)(4) requires a plan administrator to provide a summary plan description "upon written request." However, an administrator must respond to a request for documents only when the request provides "clear notice of what information the beneficiary desires." Anderson v. Flexel, Inc., 47 F.3d 243, 248 (7th Cir. 1995); see also Ames v. Am. Nat'l Can Co., 170 F.3d 751, 758 (7th Cir. 1999). In the present case, on December 22, 2004, plaintiff wrote a letter to Trustmark asking for copies of all "the relevant documents that formed the basis for your decision," (Defs.' Reply Ex. B at 1), and a variety of information not including a summary plan description. Plaintiff did not request a summary plan description, and his general request for all documents relevant to the benefits decision did not provide Trustmark with clear notice that he sought a summary plan description. Therefore, I will grant Trustmark's motion for summary judgment with respect to plaintiff's claim for penalties under § 1132(c)(1)(B).

Hyundai and the Plan also seek summary judgment against defendants Trustmark and Disability RMS on their counterclaims for indemnification. I decline to address this issue at this time, as the briefing on this issue was somewhat cursory, appearing merely as an afterthought. I therefore will deny this aspect of their motion for summary judgment without prejudice.

Therefore,

Case 2:05-cv-01132-LA   Filed 08/28/08   Page 5 of 6   Document 118

**IT IS ORDERED** that defendant's motions for summary judgment are **GRANTED IN PART AND DENIED IN PART** as stated above.

**IT IS FURTHER ORDERED** that defendants Hyundai and the Plan's motion for involuntary dismissal is **GRANTED**.

**IT IS FURTHER ORDERED** that a telephone status conference will be held on **September 17, 2008** at **1:30 p.m.** The court will initiate the call.

Dated at Milwaukee, Wisconsin this 28 day of August, 2008.

/s
LYNN ADELMAN
District Judge

6